**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gaetano Tom Russo, Jr., | ) | No. CV06-3062-PHX-SRB |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dora Schriro, et al., | ) ) ) | |
| Respondents.. | ) ) ) | |

Petitioner Gaetano Tom Russo filed his Petition for Writ of Habeas Corpus on December 21, 2006, raising five grounds for habeas relief. Petitioner claimed that his constitutional rights were violated 1) by the trial court's refusal to allow counsel to question prospective jurors; 2) by the trial court's refusal to strike the entire prospective jury panel after one prospective juror stated that her husband was a police officer who had been shot while on duty; 3) by ineffective assistance of counsel; 4) because he has not received the benefit of recent changes in the law on the burden of proof for self-defense; and 5) by testimony in an administrative proceedings showing Petitioner's accuser had committed perjury. Respondents responded in opposition to the petition on February 28, 2007, and Petitioner filed a reply on March 28, 2007.

On June 7, 2007, the Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied and dismissed with prejudice. In the Report and Recommendation the Magistrate Judge found that Petitioner's first ground, alleging the violation of his constitutional rights because the trial court unreasonably restricted trial

1 counsel in questioning prospective jurors, was raised exclusively as a state law claim and
2 decided on a state law basis and is, therefore, not subject to redetermination by the federal
3 court. On the second ground, the Magistrate Judge found that nothing in the state court
4 record rebuts the presumption of correctness of the state court's finding that the jury was
5 impartial. On the claim of ineffective assistance of counsel, the Magistrate Judge concluded
6 that counsel's performance was not deficient. The Magistrate Judge concluded that
7 Petitioner's fourth ground that certain 2006 legislative amendments to Arizona's self-defense
8 statute were procedurally defaulted but even had they not been because the amendments
9 applied prospectively only they could not benefit him. Finally, the Magistrate Judge
10 concluded that the fifth claim was procedurally defaulted.

11 Petitioner timely filed objections to the Report and Recommendation on June 19,
12 2007, arguing that on ground one a federal constitutional claim was raised concerning the
13 limitation on voir dire; on ground two that the trial court record did reflect evidence rebutting
14 the presumption of correctness of the state court's finding that the jury was impartial; and
15 objecting to the Recommendation that his petition be dismissed with prejudice because he
16 would like an opportunity to re-file his petition should it be dismissed.

17 In his first objection, Petitioner states that the opening brief filed on his direct appeal
18 stated that he was alleging both state and federal requirements were violated in voir dire. A
19 review of the opening brief reflects that that is not the case. The reference to the violation
20 of both state and federal requirements is a parenthetical summary of the holding in a case
21 cited on page seven of the opening brief. The argument made by defense counsel on appeal
22 was made exclusively under state law and decided by the Arizona Court of Appeals
23 exclusively on state law grounds. The Court agrees with the Magistrate Judge. Petitioner's
24 first ground for habeas relief was never fairly presented to the state court as a federal claim
25 and was not properly exhausted.

26 Petitioner objected to the Magistrate Judge's Recommendation on ground two that
27 nothing in the record rebuts the presumption of correctness of the state court's finding that
28 the jury was impartial. Petitioner makes the argument that the comments of the juror who

1  was excused "probably tainted at least one juror." He asks the court to infer that her
2  comments inflamed some of the jurors and resulted in the jury panel not being fair and
3  impartial. However, the Court of Appeals found no abuse of discretion in the trial court's
4  denial of Petitioner's counsel's request that the entire panel be excused noting that nothing
5  in the transcript at the time of jury selection or otherwise indicated that other jurors were
6  prejudiced by the excused juror's remarks and further indicating that the jury was instructed,
7  both preliminarily and in final instructions, about their obligation to determine the case only
8  from the evidence presented. On this record, the Court agrees with the Magistrate Judge that
9  the presumption of correctness of the state court's finding that the jury panel was impartial
10 has not been rebutted.

11 Finally, Petitioner objects to the inclusions of the language of dismissal with prejudice
12 in any denial of his petition because he may wish to re-file it. Whether his petition is denied
13 and dismissed with prejudice or simply denied on the merits, Petitioner will not have an
14 opportunity to re-file his petition. A habeas petitioner may only file one Petition for Writ of
15 Habeas Corpus except under those limited circumstances provided in 28 U.S.C. § 2244.

16 IT IS ORDERED overruling Petitioner's objection to the Report and
17 Recommendation of the Magistrate Judge.

18 IT IS FURTHER ORDERED adopting the Report and Recommendation of the
19 Magistrate Judge as the order of this Court.

20 IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is
21 denied and dismissed with prejudice.

23 DATED this 24th day of July, 2007.

_____
Susan R. Bolton
United States District Judge